UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------X

STANLEY ARISTILDE EL-BEY,

     Plaintiff,

-against-

ANNA M. KROSS CORRECTION FACILITY
et al.,

     Defendants.

----------------------------------------X

**MEMORANDUM
AND ORDER**
13-CV-2956 (ARR)(LB)

Ross, United States District Judge:

  On May 22, 2013, the court ordered *pro se* plaintiff Stanley Aristilde El-Bey either to pay the necessary filing fees or to file an amended request to proceed *in forma pauperis* providing information from which the court could make a finding of indigence. Dkt. #4. Plaintiff did file a new application to proceed *in forma* pauperis, listing his wages and assets as "0," responding to additional questions with an "X," and printing his name, but not signing the required declaration. See Dkt. #5, at 5-6. Despite these deficiencies in plaintiff's application, the court hereby grants the request to proceed *in forma pauperis* solely for purposes of this order.

  In addition, the court's May 22, 2013 order also advised plaintiff that his complaint did not state a claim on which relief could be granted. Dkt. #4, at 2. Plaintiff was therefore ordered to file an amended complaint stating the facts that support his claims. Id. Plaintiff filed additional papers, which he terms a "Notice of Def[au]lt & Order-Judgment Nihil Dicit." Dkt. #5, at 7-13. These papers, like plaintiff's previous complaint, simply charge defendants with "kidnapping, human trafficking, cruel and unusual punishment" and "replevin of plaintiff's property," id. at 7, without providing the court with any facts from which the court could infer

1

that plaintiff has plausibly stated a claim. (Moreover, replevin is a state-law claim that does not, on its own, provide a basis for relief in federal court.) Plaintiff cannot simply recite causes of action, supported by no more than conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Instead, as the court stated before, plaintiff must allege <u>facts</u> that show he is entitled to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff has failed to do so. The court must therefore dismiss the complaint. The court will give plaintiff one more chance to amend his complaint with an admonition that this will be the final opportunity to plead the necessary factual basis for plaintiff's claim for relief.[1] This dismissal is accordingly without prejudice.

## CONCLUSION

Plaintiff's complaint is dismissed without prejudice. Should plaintiff wish to amend the complaint, the court directs plaintiff to submit an amended complaint within fourteen days from the date of this order. Failure to comply with the deadline will result in dismissal with prejudice. Plaintiff is advised that the amended complaint will completely replace the complaint, and he should include in it any information contained in the original complaint. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this order. Once submitted, the amended complaint will be reviewed for compliance with this order and for sufficiency under Federal Rules of Civil Procedure 8 and 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

---

[1] Plaintiff is also requested to stop printing water-marks and symbols on his papers, which make it difficult for the court to read the text of the complaint.

order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Allyne R. Ross
_____
Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
      June 27, 2013

**Service List:**

Stanley Aristilde El-Bey
1653 Brooklyn Ave.
Brooklyn, NY 11210