UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

─────────────────────────────────────X

STANLEY ARISTILDE El-BEY,

               Plaintiff,                                    **MEMORANDUM**

   -against-                                           **AND ORDER**
                                                               13-CV-2956 (ARR)(LB)
ANNA M. KROSS CORRECTION FACILITY        13-CV-1213 (ARR)(LB)
et al.,

               Defendants.
─────────────────────────────────────X

**Ross, United States District Judge:**

     On May 22, 2013, the court ordered *pro* se plaintiff Stanley Aristilde El-Bey to: (1) either pay the necessary filing fees or file an amended request to proceed *in forma pauperis* providing information from which the court could make a finding of indigence; and (2) amend his complaint stating the facts that support his claims if he wished to avoid dismissal for failure to state a claim on which relief may be granted. No. 13-CV-2956, Dkt #4. By order dated June 27, 2013, the court granted the request to proceed *in forma pauperis* solely for the purpose of the order, but dismissed the complaint without prejudice because the papers he submitted did not allege any facts from which the court could infer that plaintiff had plausibly stated a claim. Dkt #7. Despite the consistent inadequacy of plaintiff's submissions, however, the court granted plaintiff one "final opportunity to plead the necessary factual basis for plaintiff's claim for relief." *Id.* at 2.

     On July 16, 2013, plaintiff filed two documents labeled "Amended Complaint" and "Amended IFP." Dkt. #8, 9. Plaintiff filed the same documents in a related case, No. 13-CV-1213, which was dismissed without prejudice on April 12, 2013. *See* No. 13-CV-1213, Dkt. #4.

1

The court construes these filings as a request to reopen No. 13-CV-1213. The court grants the request and will permit plaintiff to proceed *in forma pauperis* in both cases solely for the purpose of this order. However, for the following reasons, the court hereby dismisses both cases with prejudice.

Although plaintiff calls his submission an "Amended Complaint," plaintiff has failed to repair the deficiencies of his complaint as identified by the court in its two previous orders. The most recent submission still does not state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B), nor does it comply with Fed. R. Civ. P. 8. *See Ashcroft v. Iqbal*, 55 U.S. at 678 (2009) (To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged"). Indeed, plaintiff has not even attempted to provide any additional facts from which the court could infer that a violation of plaintiff's rights has occurred, despite numerous directives from the court that plaintiff provide such facts.

Instead, the submission appears to be a motion pursuant to 28 U.S.C. § 455 for the court's recusal. No. 13-CV-2956, Dkt. #9 at 6. Pursuant to 28 U.S.C. § 455, "[a]ny justice, judge or magistrate judge of the United States shall disqualify [her]self in any proceeding in which h[er] impartiality might reasonably be questioned," or where she "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a)-(b)(1); *accord ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 107 (2d Cir. 2012). The question posed by the statute is "whether an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal, or alternatively, whether a reasonable person, knowing all the

2

facts would question the judge's impartiality." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (alteration in original) (internal quotation marks omitted). The Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Whether a judge should recuse herself is "committed to the sound discretion of the judge whose recusal is sought." *Kwiatkowski v. Polish & Slavic Fed. Credit Union*, No. 11–CV–3947 (JG)(CLP), 2011 WL 3876983, at *1 (E.D.N.Y. Sept. 1, 2011).

Plaintiff questions the court's impartiality by saying that the court has "in the past deliberately violated other litigant's [*sic*] personal liberties and/or has wantonly refused to provide due process and equal protection to all litigants before the court." Dkt. #9, at 6. But plaintiff does not provide any example of such violations (moreover, to the extent plaintiff alleges that the court refuses to provide due process and equal protection, plaintiff appears to suggest that the court does so in an evenhanded manner). As "evidence," *id.*, of bias, plaintiff provides copies of my oath of office, appointment affidavits, and proclamation of appointment. *Id.* at 9-11. These documents provide no indication of bias or prejudice, and plaintiff has not identified any other valid basis for recusal. If anything, the court has taken pains in this matter to afford plaintiff multiple opportunities to present the grounds for his claim to federal relief, and plaintiff has repeatedly failed to follow the court's orders. The motion for recusal is meritless and is therefore denied.

## CONCLUSION

For the foregoing reasons, both actions are dismissed with prejudice. 28 U.S.C. 1915(e)(2)(B)(ii). The motion for recusal is denied. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S.

438, 444-45 (1962). The Clerk of Court is directed to enter judgment accordingly and close both cases.

SO ORDERED.

/S/ Judge Allyne R. Ross
_____
Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
July 17, 2013

**Service List:**

Stanley Aristilde El-Bey
1653 Brooklyn Ave.
Brooklyn, NY 11210